IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01659-REB-BNB

MICHAEL HATCHETT,

Plaintiff,

v.

DEPUTY ORTIZ,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter was set for a final pretrial conference to occur on July 9, 2012, at 8:30 a.m. Defendant's counsel appeared at that time, but the plaintiff, who is proceeding *pro se*, neither appeared nor contacted the court.  On inquiry, I am informed that the plaintiff, who is incarcerated, has been transferred to a new facility.  The record indicates that the plaintiff has failed to file a notice of change of address as required by D.C.COLO.LCivR 10.1M. Consequently, I have ordered the plaintiff to show cause, if any there be, why this case should not be dismissed for lack of prosecution and failure to comply with the Scheduling Order setting the final pretrial conference for July 9, 2012, and for failure to comply with D.C.COLO.LCivR 10.1M.

The plaintiff's response to the Order to Show Cause is due on July 23, 2012.  A trial preparation conference before the district judge is set to occur on July 27, 2012.  The trial is set to begin on July 30, 2012.  In the meantime, however, no final pretrial conference has occurred

and no final pretrial order has been entered.[1]

In view of the posture of the case, I respectfully RECOMMEND that the trial preparation conference set for July 27, 2012, and the trial set to begin on July 30, 2012, be VACATED, to be reset, if necessary, after the plaintiff responds to the Order to Show Cause and after the resolution of the issues raised by the Order to Show Cause.[2]

Dated July 9, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] I note, also, that I granted the plaintiff's request and directed the Clerk of the Court to attempt to identify a volunteer lawyer to represent the plaintiff in this matter, Order [Doc. # 46], but, to date, no volunteer has been identified and no lawyer has entered an appearance on behalf of the plaintiff.

[2] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).