**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01659-REB-BNB

MICHAEL HATCHETT,

    Plaintiff,

v.

DEPUTY ORTIZ,

    Defendant.

**ORDER GRANTING PLAINTIFF LEAVE TO PRESENT TESTIMONY
BY VIDEO TRANSMISSION**

**Blackburn, J.**

The matter is before me on **Plaintiff's Motion To Permit Telephonic Testimony** [#122][1] filed July 15, 2013. Plaintiff seeks to present the testimony of two Colorado Department of Corrections inmates, Michael Dorrance and Monte Thomas, by telephone or video transmission. *See* Motion at 1 and 4. The defendant objects to testimony presented by telephone, but not by video transmission. *See* Def. Trial Brief at 10, ¶ 1.f.).

    Michael Dorrance (DOC 137000) is currently incarcerated by the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Monte Thomas is currently incarcerated by the Colorado Department of Corrections at the Delta Correctional Center, Delta, Colorado. Trial by jury is set to commence July 29,

---

[1] "[#122]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

2013.

The motion implicates Fed. R. Civ. P. 43(a), which provides in relevant part:

> **In Open Court.** At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). The corresponding Advisory Committee Notes provide: "Good cause and compelling circumstances may be established with relative ease if all parties agree that testimony should be presented by transmission." *Id.*, Advisory Committee Notes (1996 Amendment).

On the relevant record considered as a whole, I conclude ultimately that the testimony of Colorado Department of Corrections inmates, Michael Dorrance and Monte Thomas, may be presented by video transmission. Thus, the motion should be granted, but only insofar as consistent with the foregoing findings and the following orders.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff's Motion To Permit Telephonic Testimony** [#122] filed July 15, 2013, is **GRANTED**, insofar as it is consistent with the following orders;

2. That Michael Dorrance (DOC 137000), who is currently incarcerated by the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado, **MAY TESTIFY** by video transmission during the jury trial in this case set to commence July 29, 2013;

3. That Mr. Dorrance **SHALL BE** available to testify by video transmission on **July 30, 2013**, commencing at **9:00 a.m. (MDT)**, through his case manager, Roberta

Walters;

4.  That Monte Thomas, who is currently incarcerated by the Colorado Department of Corrections at the Delta Correctional Center, Delta, Colorado, **MAY TESTIFY** by video transmission during the jury trial in this case set to commence July 29, 2013;

5.  That Mr. Thomas **SHALL BE** available to testify by video transmission on **July 30, 2013**, commencing at **9:00 a.m. (MDT)**, through his case manager, Kelly Rocha;

6.  That counsel for plaintiff **SHALL MAKE** all arrangements necessary to present the testimony of Mr. Dorrance and Mr. Thomas by video transmission; and

7.  That counsel for plaintiff **SHALL SERVE** this order on the wardens of the correctional institutions where Mr. Dorrance and Mr. Thomas are incarcerated.

Dated July 25, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge